UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ALFREDO HERNANDEZ VELAZQUEZ,    :
*on behalf of himself and others similarly
situated*,
                 Plaintiffs,      :

        -against-             :

P.J.C.M. RESTAURANT CORP., *et al.*,  :

                Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

15cv3602

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Alfredo Hernandez Velazquez, Armando Aguilar, Carlos Hernandez, Francisco Cardoso, Luis Antonio Fernandez, and Rodolfo Melendez bring this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against Defendants P.J.C.M. Restaurant Corp., Jackson Hole Burger, Inc., Chris Meskouris, James Meskouris, Steve Galekovic, and Isaac Paschalides. Defendants own and operate a chain of burger restaurants in Manhattan. The parties seek this Court's approval of a settlement (ECF No. 31–1, hereinafter "Proposed Settlement").[1] The parties' application is denied.

## DISCUSSION

        The Second Circuit has held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). To approve such a settlement, this Court must be satisfied that the agreement is "fair and reasonable." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). "Before a court will find

---

[1] This Court has not certified a class or collective action. Plaintiffs have not indicated an intention to pursue such claims.

a settlement fair and reasonable, the parties must provide enough information for the court to examine the bona fides of the dispute." SAFI-G, 137 F. Supp. 3d at 584 (citations omitted).

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Mahalick v. PQ New York Inc., No. 14-cv-899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (citations omitted). Although there is a "greater range of reasonableness" in individual FLSA actions where a party negotiated a fee with counsel, a court must nonetheless "scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Mahalick, 2015 WL 3400918, at *2. Counsel's factual basis for a fee award should include contemporaneous time records and a lodestar multiplier.

The parties' joint letter asserts that Plaintiff's counsel should receive a "one-third" contingency fee, but provides no "factual basis" for that fee award or references to any contemporaneous time records. Moreover, while the parties assert that Plaintiffs' counsel seeks a one-third contingency fee, the Proposed Settlement appears to direct Defendants to mail Plaintiffs' counsel a check for two-thirds (not one third) of the recovery in this action.

Under the Proposed Settlement, Defendants will pay "the gross sum of Three Hundred Ten Thousand Dollars (**$310,000.00**)" to settle all of Plaintiffs' claims "including all counsel fees and costs." (Proposed Settlement, at 2, ¶ 1.) That settlement is payable in eight installments of $38,750. For each installment, only "[o]ne third of this amount shall be payable to the individual plaintiffs," and the "remainder of the installment" is to be paid by a separate check to Plaintiffs' attorneys, representing "attorneys' fees and costs, liquidated damages, and

interest." (Proposed Settlement at 2, ¶ 1(i).) The Proposed Settlement then provides that each subsequent installment payment will be identical to the first. (Proposed Settlement at 2–3.) The Proposed Settlement itself is not clear as to how much of the two-thirds payment forwarded to Plaintiffs' counsel—totaling $206,666.67—amounts to attorneys' fees, rather than Plaintiffs' "liquidated damages[] and    interest." (Proposed Settlement at 2, ¶ 1(i).) This Court declines to approve such an arrangement.

Finally, this Court notes that the Settlement Agreement is styled as a "General Release." "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick, 2015 WL 3400918, at *2. While the release in the Proposed Settlement appears to resolve only claims against Defendants "relating specifically to the claims in th[is] litigation," labeling a release solely of wage-and-hour claims as a "general release" may tend to confuse a reader attempting to understand its scope.

## CONCLUSION

The parties' application for approval of the Proposed Settlement is denied. Plaintiffs' counsel shall provide a factual basis for an attorneys' fee award, including a reference to contemporaneous time records and a lodestar multiplier. In addition, the Settlement Agreement should set forth precisely how the funds are being distributed among the plaintiffs. Finally, the parties shall excise references to a "general release." The parties shall provide any revised application by September 29, 2016.

Dated: September 15, 2016
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.